Welch, C. J.
It is not denied that the period of prescription, in cases of easements and incorporeal rights is *253 twenty-one years in Ohio; and it is admitted that the period begins to run when a right of action accrues. The single question argued is, whether, in a case like the present, as hypothetically put by the court in its charge, there is a right of action. In other words, the question is, whether the erection of an embankment upon one’s own lane], whereby the surface water accumulating on the land of another is prevented from flowing off in its natural courses, and caused to flow off in a different direction over his land, is an act for which the latter may sustain an action, without showing any actual injury or damage. We answer the question in the affirmative. The act is wrongful. It is an invasion of the plaintiff’s right — the right to manage his own farm according to his own notions of fitness and enjoyment, and therefore the law presumes a damage, although it be merely nominal or ideal. To aver the fact of the wrongful structure, and its effect in preventing the natural flow of the water, is in law to aver that the owner of the land so affected thereby was injured. This is the general law applicable to cases of nuisance. Wherever one’s right is actually invaded, he has his remedy, irrespective of the amount or actuality of the damage. The cases of Cooper v. Hall, 5 Ohio, 320; McElroy v. Goble, 6 Ohio St. 187, and Columbus Gaslight and Coke Co. v. Freeland, 12 Id. 392, cited by counsel, are exceptional cases, standing on peculiar grounds. The two former are cases of the deepening of waters in streams by mill-dams, and are expressly put by the court upon the ground that the streams, for special reasons stated, are to be considered in some respects publici juris. The latter case, and other like cases, of nuisance by corrupting the air, or water in running streams, also stand ou peculiar grounds. Every one has a right, to a certain extent or degree, to corrupt these elements. As a matter of necessity, some rule of measurement must be adopted, whereby it can be determined when that right has been exceeded, and the act becomes wrongful. The rule adopted by the law is, that when it becomes actually injurious, or is of a nature necessarily calculated to *254 produce actual injury, it is wrongful. It is a rule of necessity, and does not exist outside of that class of cases. No such necessity exists in a case like the present. Every act of preventing the water flowing from another’s land in its natural channels, and causing it to flow over his land, without his consent, is au invasion of his rights, and therefore actionable. I have the right to send the smoke of my chimney into the common air, or to throw the debris from my place of business into the running stream, provided no one is actually annoyed or damaged thereby, but I have no right to pen up the water on another’s farm, and then plead that I have done him a benefit instead of an injury. I can not be allowed thus to manage both farms according to my notions of profit and enjoyment, in disregard of the wishes of the owner. The act of flooding my neighbor’s farm, by penning up the waters upon its surface, is wrongful per se, and in its inception, and not wrongful merely because it affects him in a particular manner, or to a certain extent.
But even if we admit the law to be as claimed by the plaintiff in error, I can not see on what ground we can reverse this judgment. If it be necessary, in order to maintain an action in such a case, to aver and show some actual injury, then no valid defense was set up by him in the original case, and the judgment was rightfully rendered against him. By his answer he admits the abatement of the nuisance, and seeks to justify the act on the simple ground that the obstruction prevented the flow of the water, without alleging any injury or damage as the consequence. He will surely not claim that, if there was no right of action, there was any right to abate the nuisance. Therefore, if he was right in his assumption of the law, in his motion to instruct the jury, the plaintiff below was entitled to a judgment irrespective of any verdict the jury might render. There never was any right of action for the obstruction, and therefore could'he no right to abate the same.

Judgment affirmed. .